a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WYNSTON SCOTT #770299, Petitioner | CIVIL DOCKET NO. 5:24-CV-00671 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| A CUPP, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion to Stay (ECF No. 1) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 10) filed by pro se Petitioner Wynston Scott. Scott is incarcerated at the Richland Parish Detention Center in Rayville, Louisiana. He challenges the constitutionality of his conviction and sentence imposed in the First Judicial District Court, Caddo Parish.

Because Scott is not entitled to a stay, his Motion is DENIED.

I. Background

Scott was convicted of two counts of aggravated criminal damage to property and sentenced to consecutive 13-year sentences. *State v. Scott*, 55,241, p. 3 (La.App. 2 Cir. 8/9/23); 370 So.3d 99, 102. On appeal, Scott argued that his sentence was excessive, but the appellate court affirmed. *Id.* The Louisiana Supreme Court denied writs. *Id.*, 2023-01219 (La. 3/5/24); 379 So.3d 1263, *reconsideration not considered*, 2023-01219 (La. 5/21/24); 385 So.3d 245.

Scott filed an application for post-conviction relief on an unspecified date, again claiming that his sentence was excessive. ECF No. 10. He also argued that he was denied his right to a speedy trial. *Id.* at 7. The application was denied on August 28, 2024. ECF No. 10-1 at 1. Scott does not state whether he sought review in the appellate court.

Scott indicates that he has filed a second post-conviction application asserting that the state improperly invoked a firearm sentencing enhancement provision without proper notice. ECF No. 10 at 8. He states that the second application is pending in the trial court. *Id.*

## II. Law and Analysis

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.

2

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

Thus, to establish exhaustion, Scott must show that he fairly presented the same federal claims and legal theories raised in his Petition to the Louisiana courts in a procedurally proper manner. Only the excessive sentence claim has been exhausted.

A "mixed petition" raising some exhausted and some unexhausted claims can, in some instances, be stayed pending exhaustion. But a stay with abeyance is an extraordinary remedy available only in limited circumstances. It is only appropriate when the district court determines that there was "good cause" for the failure to exhaust.[1] *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Scott has provided no reasons for filing his Petition prior to exhaustion. Therefore, Scott's Petition does not the threshold for a stay.

Federal law provides for a one-year prescriptive period within which to file a § 2254 petition. 28 U.S.C. § 2244(d)(1). Louisiana law allows a petitioner two years from the finality of the conviction within which to file an application for post-conviction relief. La. Code Crim. Proc. art. 930.8(A). The time during which a

---

[1] Although the Supreme Court has not articulated a specific test for good cause to justify stay and abatement, it has found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines*. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Courts have also found good cause to stay and abate a mixed petition based on ineffective assistance of post-conviction counsel, the prosecution's wrongful withholding of evidence, or other external objective factors not fairly attributable to the petitioner. See *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014), *cert. den'd*, (U.S. 2015) (canvassing reasons federal courts have found good cause to stay and abate).

3

properly filed application for state post-conviction review is pending shall not be counted against the one-year federal prescriptive period. 28 U.S.C. § 244(d)(2).

Scott's conviction became final on June 5, 2024, 90 days after the Louisiana Supreme Court's ruling, when the time for seeking review in the United States Supreme Court expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). Pursuant to § 2244(d), Scott has one year from that date—until June 5, 2025—within which to: (1) file a timely federal application for habeas relief; or (2) toll the one-year limitations period by filing and pursuing a properly-filed application for post-conviction or other collateral review in the state courts. *See* 28 U.S.C. § 2244(d)(1)(A); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999).

Scott's first post-conviction application was denied on August 28, 2024. Therefore, prescription may have begun that date, unless he pursued exhaustion by seeking review in the appellate court. The limitations period could still be tolled if his second post-conviction application was properly filed. Either way, Scott has time within which to exhaust any unexhausted claims and timely refile the § 2254 Petition in this Court once all claims are exhausted.

Scott has the option to voluntarily dismisses his Petition and refile after exhaustion of other claims, or to proceed with the one exhausted claim.

III. Conclusion

Because Scott has not provided good cause for his failure to exhaust prior to filing the Petition, IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 1) is DENIED.

IT IS FURTHER ORDERED that Scott instruct the Court within 14 days of the date of this Order whether he wishes to: (1) voluntarily dismiss his Petition and refile after exhaustion of any other claims; or (2) proceed with only the excessive sentence claim.[2]

SIGNED on Monday, December 23, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[2] Scott is cautioned that, should he proceed with only the exhausted claim, he may be precluded from bringing the other claims in the future because a petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive petition. *See* 28 U.S.C. §2244(b)(3)(A).